# R. H. Huddleston et Ux., Appts., *v.* Killbuck Township.

Where a husband was erecting weigh scales as a permanent structure, on a part of a public highway on each side of which the land was owned by his wife, a perpetual injunction was granted against both, at the costs of the husband.

(Argued November 9, 1886. Decided November 15, 1886.)

October Term, 1886, No. 172, W. D., before GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. Appeal by defendants from a decree of the Common Pleas No. 2 of Allegheny County perpetually enjoining them from erecting weigh scales on a public highway. Affirmed.

Cited in Wishart v. Newell, 18 Pittsb. L. J. 72, 4 Pa. Co. Ct. 144.

NOTE.—An injunction may be granted to restrain the erection of obstructions on public highways. Com. ex rel. Atty. Gen. v. Kepner, 1 Pearson (Pa.) 182; Harrisburg's Appeal, 7 Sad. Rep. 322. But it should appear that such are not merely temporary. Bunnell's Appeal, 69 Pa. 59; Second & Third Street Pass. R. Co. v. Morris, 1 Legal Gaz. Rep. 295.

This was a bill in equity filed by the Killbuck township against R. H. Huddleston and wife to enjoin the erection of weigh scales on a public highway. The matter was submitted to a master who reported in favor of complainant, and defendants filed exceptions. On the hearing of the exception the court below, MAGEE, J., delivered the following opinion:

"The evidence in this case shows beyond dispute that R. H. Huddleston was, at the time of the filing of the bill, engaged in erecting weigh scales on the property of his wife at the intersection of Beaver avenue and the Laurel Run road in Killbuck township; and it is clear from the surveys put in evidence by both parties that the scales, as he was constructing them, were partially upon said public highways; the surveys differ only as to the quantity of ground in the highway occupied by the scales. Neither is it disputed that both the roads named are public highways.

"The master recommends that the injunction heretofore granted against the defendants be made perpetual, and recommends the form of a decree to that effect and that R. H. Huddleston pay the costs.

"I take it that the erection of any permanent structure within the line of a public highway is a public nuisance, and its abatement can be enforced.

"When land is appropriated or dedicated to the public use for a highway, the public has a right to the use of the entire street for travel, and the abutting owners can place no permanent obstruction to that use by the public; their use of it as a public thoroughfare is simply that which belongs to the public at large, except that they are the owners of the soil and may do anything which will not obstruct the public right of passage.

"Nonuse of a portion of the width of a public highway will not defeat the right of the public to its entire width. When a portion of the width is not susceptible of public use without grading and filling, the owner, I take it, in such case may retain possession until the public, by its improvements, makes the ground susceptible of use as a highway. The scales being a permanent structure and indisputably within the limits of the public highway, I look upon the question of the equity jurisdiction of this court to compel their removal by injunction as the only question in this case.

"If the remedy adopted is the lawful way to determine the question in dispute, there is no doubt in my mind that the master's conclusion is correct, and that the exceptions filed by both parties were properly overruled.

"So far as Mrs. Huddleston is concerned, she disavows any participation in the erection of the scales, but admits that her husband is putting the structure upon her land. Under the circumstances she ought not to be involved in the controversy. She neither directed the work nor contests its removal, if unlawfully placed on land not owned by her and subject to the use contemplated.

"The question of jurisdiction was not raised by the defendants until the trial of the case before the master was almost completed, and all the evidence was in; so that when that question was first raised all the facts had been admitted by the defendants which were necessary to make the proposed structure a public nuisance; and the evidence was also shown clearly that the structure contemplated was a permanent improvement to be attached to the land, and intended to be kept and maintained there indefinitely.

"While I would say without examining the authorities that the right to erect the structure was doubtful or seriously controverted or the nuisance complained of was in the nature of a transient trespass and not a permanent structure, a court of equity would not enjoin it; on the other hand it has been expressly ruled in the case of Com. v. Rush, 14 Pa. 186, that where the right is not doubtful and the damage would be irreparable, equity will interfere by injunction; and in the same case irreparable injury has been defined to be such injury as would result from the erection of a permanent structure distinguished from a mere act of trespass.

"Therefore, the wrong being admitted and the injury being irreparable, that is, by being a structure permanent in its nature, I see no reason why its erection should not be restrained by injunction.

"Exceptions to master's report overruled, and report confirmed and decree made as recommended by the master, and to include the wife, the costs to be paid by the husband."

A decree was entered accordingly, and defendants took this appeal, assigning, *inter alia,* as error the action of the court in overruling the exceptions and entering such decree.

*N. W. Shafer*, for appellants.—The case should have been brought by the attorney-general.

The case in hand shows the necessity of some check on the power to invoke the aid of a court of equity on every slight provocation. We are brought back to the original facts of this case. The owner of the land in the course of his legitimate business, in perfect accord, as he thinks, with the interests of the public, begins the erection of weigh scales in the country road. Is this a case for equity jurisdiction? 3 Mylne & Keene, 169; Winthrop v. Farrar, 11 Allen, 398; Rhodes v. Dunbar, 57 Pa. 274, 98 Am. Dec. 221.

The shifting of the road a few feet, even if that were necessary, would work no detriment to public convenience. We read in White v. Flannigain, 1 Md. 525, 54 Am. Dec. 668, an authority cited with approval in Dillon on Municipal Corporations, page 627, that "a street in a populous city is a very different thing from a road in an agricultural region. In the latter case it may be of comparatively slight consequence whether the road be in one place or the other. An approximation to the reasonable convenience of the neighborhood and customary travel is all that is generally desirable; but with the thronged thoroughfares of trade in a populous commercial city, a square may be of the greatest importance. . . . A road that would be reasonably convenient in the country would render property similarly situated in regard to streets in a city comparatively, if not wholly, valueless for business purposes."

In Moyamensing v. Long, 1 Pars. Sel. Eq. Cas. 148, the question of jurisdiction in such cases is discussed and reference is there made to Eden on Injunction, p. 268, Wheeler's ed. "But a question, and one not without difficulty, presents itself in this case: to wit, whether a municipal corporation like the plaintiffs' is competent to prosecute such a bill."

In Watertown v. Cowen, 4 Paige, 514, 27 Am. Dec. 80, the chancellor, admitting that the usual mode of proceeding in equity to restrain the establishment of a nuisance and other unwarrantable intrusion upon or interference with the rights of the public was by information in the name of the attorney-general, considered the corporation as properly representing the inhabitants of the village.

If this were a case justifying equity jurisdiction, and we insist it is not, then we say on reason and authority, the township

by its only supervisor, without previous notice, cannot maintain this suit; it is not such corporation, nor clothed with such power by any act of assembly; and the interference ought to be by suggestion of the attorney-general. Com. v. Rush, 14 Pa. 187; Bunnell's Appeal, 69 Pa. 59; Com. v. Harris, 10 W. N. C. 10.

*Robb & Fitzsimmons,* for appellee.—The jurisdiction of courts of equity to restrain unlawful encroachments on the public highways is now so completely settled as to require no argument. We refer to: Moyamensing v. Long, 1 Pars. Sel. Eq. Cas. 145; Eden, Inj. 268; Com. v. Rush, 14 Pa. 186, 196; Plitt v. Cox, 43 Pa. 486; Pennsylvania R. Co. v. Pittsburgh Grain Elevator Co. 50 Pa. 508; Clark v. Martin, 49 Pa. 296; Com. v. Harris, 10 W. N. C. 10; Reimer's Appeal, 100 Pa. 190, 45 Am. Rep. 373.

The principle is well settled that when, as in this case, the nuisance clearly appears, courts of equity can grant injunctions. Com. v. Rush, 14 Pa. 186; Moyamensing v. Long, 1 Pars. Sel. Eq. Cas. 146–7; Atty. Gen. v. Richards, 2 Anst. 615; Atty. Gen. v. Cohoes Co. 6 Paige, 133, 29 Am. Dec. 755; Reimer's Appeal, 100 Pa. 190, 45 Am. Rep. 373; Philadelphia's Appeal, 78 Pa. 33.

The question as to whether these proceedings should have been commenced at the relation of the attorney-general was not raised by the appellants' answers. Nor was the same raised or discussed before the master, or by exception.

That question was not adverted to in the argument before the court on the report and exceptions thereto.

It seems to be indirectly adverted to by the appellants in their argument.

We submit if there was anything in their position they are now too late in the application of this principle. They should have raised that question at the inception of these proceedings. These proceedings could have been begun at the relation of the attorney-general, but we respectfully submit that the same in this class of cases is not necessary. Philadelphia's Appeal, 78 Pa. 33; Whitemarsh Twp. v. Philadelphia, G. & N. R. Co. 8 Watts & S. 365; Moyamensing v. Long, 1 Pars. Sel. Eq. Cas. 146–7.

The acts of assembly of 1834 and 1836 impose the duty on the supervisors to keep the roads constantly in repair and clear

of all the impediments at the expense of the township, as the law directs.   There can be no good reason shown why the supervisors, in a case like this, may not file a bill in equity to restrain an encroachment on the public roads.

PER CURIAM:

As the weigh scales when built would have been a continuing nuisance on the public highway, the court below did well to enjoin their erection.   The appellants certainly ought to have known, if they did not, that they had no right to occupy in this manner any part of the public road.

The decree is affirmed and the appeal dismissed, at the costs of the appellants.