## City of New Castle v. De Rosa

*James L. Scarazzo* and *Augustine Leone*, for plaintiff.

PER CURIAM, January 19, 1978 — Plaintiff, City of New Castle, suing in equity, seeks an order permitting the demolition of a dwelling located at 453 County Line Street, New Castle. Additionally, the city seeks an order directing that the cost of demolition be reduced to a lien on the above-described premises.

## FINDINGS OF FACT

1. Plaintiff is the City of New Castle, Pa., a municipal corporation organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania and having as its principal address the Municipal Building, North Jefferson Street, New Castle, Pa.

2. Defendant is Louis De Rosa residing at 210 Fairmont Avenue, New Castle, Lawrence County, Pa.

3. Defendant is the record owner of property located at 453 County Line Street, New Castle, Lawrence County, Pa.

4. The following are liens on the described premises:

(a) 1972 county tax in the amount of $15.51.

(b) 1972 school tax in the amount of $56.53.

5. There presently exists on the above-described premises a frame dwelling.

6. The building was inspected by the Code Enforcement Bureau of the City of New Castle, Pa., and found to be in an unsafe condition and in violation of City Ordinance no. 5958 of 1962.

7. The building was found by the Code Enforcement Bureau to be in violation of these specific sections of City Ordinance no. 5958:

(a) Section 301(a)(4) of Article III in that the building is so dilapidated, decayed, unsafe and unsanitary that it is unfit for human habitation.

(b) Section 401(a)(b)(c)(d) of Article IV — severe structural deficiencies including rotted floor boards, non-weathertight exterior walls, windows and foundation and exterior porch in danger of falling.

(c) Section 801 of Article VIII — rodent holes in foundation and exterior walls.

8. A notice of said violations was sent to defendant by certified mail on March 28, 1973.

9. Copy of the notice of violations sent to defendant was also posted on the property at 453 County Line Street on March 28, 1973.

10. Defendant has failed to comply with the notice by the Code Enforcement Bureau to abate the cited violations. The dwelling at 453 County Line Street remains in violation of Ordinance no. 5958 of the City of New Castle.

11. Defendant was properly served with the complaint in equity filed by the City of New Castle. This complaint contained a notice to plead and defendant failed to plead to the complaint.

12. Defendant was notified by certified mail of the hearing date for the filed complaint. However, defendant failed to appear for the hearing.

13. The dwelling located at 453 County Line Street presents a serious hazard to the health, safety and welfare of the community due to the numerous building code violations such as the lack of windows, collapsed exterior stairwell and loose chimney bricks. In addition, the building is infested with rodents and other vermin. The premises also constitutes a fire hazard due to the fact that children often play within the dwelling and set off fire-

crackers inside. There has been a minor fire inside the structure.

14. The structure has no affirmative value and, in fact, represents a burden upon the realty. It has been vacant for over a two-year period.

## DISCUSSION

Subsection 16 of section 37403 of The Third Class City Code of June 23, 1931, P.L. 932, as amended, 53 P.S. §37403, subsection 16, provides that the council of such a city has the power by ordinance to "require the removal of any nuisance or dangerous structure from public or private places upon notice to the owner." This provision further provides that the cost of the abatement, together with a ten percent penalty may be recovered from the owner or entered as a lien against the property whereupon the dangerous structure is attached.

Pursuant to this enabling legislation, the City Council of New Castle enacted Ordinance 5958 of 1962. Section 117 of that ordinance provides that upon noncompliance with an order issued pursuant to any section of the building code, the housing officer may institute appropriate actions in law or equity to abate the violation. Section 144 of Ordinance 5958 provides that whenever the housing officer determines that there is a violation of the building code, he shall give written notice of the alleged violation, giving the owner a reasonable time to abate the violation. Section 115 of the ordinance provides that any person aggrieved by such notice may request and be granted a hearing by the housing board of appeals.

It is readily apparent that the City of New Castle has acted in accord with Ordinance 5958. On March 28, 1973, following an inspection of the

property, the Bureau of Code Enforcement of the City of New Castle sent a notice of violation by certified mail to defendant, Louis De Rosa. This notice informed defendant of the various code violations existing at 453 County Line Street. Defendant was given 60 days to abate the violations. Additionally, the notice repeated the language of section 115 of Ordinance 5958 which provides for an appeal to the housing board of appeals. Defendant neither abated the violations nor requested an appeal. So, on August 14, 1973, the City of New Castle filed its petition for injunctive relief as provided for by section 117 of Ordinance 5958. Under the code governing third class cities, an appeal for injunctive relief is proper in order to abate a public nuisance: City of Pittston v. Pittston Luzerne Corp., 47 Luz. 122 (1957). Thus, this request for injunctive relief is properly before the court. The issue now is whether the court has the equitable power to order the demolition of the offending structure.

The courts of Pennsylvania have long recognized the equitable power of the court to order the abatement of public nuisances: Bunnell's Appeal, 69 Pa. 59 (1871); Huddleston v. Killbuck Twp., 4 Sadler 176, 5 Cent. R. 557 (1886); Commonwealth v. James J. Cochran Post #251 of V.F.W., 350 Pa. 111, 38 A. 2d 250 (1944); City of Pittston v. Pittston Luzerne Corp., supra. However, this power should not be exercised unless the right is clear and the threatened injury is of a permanent or irreparable character: 28 P.L.E. 189, §68; Bunnell's Appeal, supra.

Here, the right is clear and the injury irreparable. The Third Class City Code expressly gives the City of New Castle the authority to seek equitable relief to secure abatement of building code violations. At the hearing, the city fire captain testified that it

would not be economically possible to repair the structure. Thus, because of the great danger to the health and safety to the community presented by the continuing presence of the dwelling at 453 County Line Street, this court is justified in exercising its equitable power to abate the nuisance by ordering the structure razed.

Finally, under the equitable cleanup doctrine, it is proper to order the cost of demolition reduced to a lien against the property. Subsection 16 of 53 P.S. §37403 allows the cost of demolition to be entered as a lien against the property. Additionally, the courts have ruled that abatement of nuisances can be had at the expense of the owner of the property: 28 P.L.E. 189, §68. Therefore, a lien in the amount of demolition costs can be entered by the City of New Castle against the property located at 453 County Line Street, Lawrence County.

## CONCLUSIONS OF LAW

1. Subsection 16 of 53 P.S. §37403 allows the City of New Castle to petition this court for equitable relief to demolish a structure that has serious building code violations, thereby creating a public nuisance and a serious danger to the community.

2. This court does have the equitable power to order the abatement of nuisances.

3. This court is justified in exercising this equitable power here to order the demolition of the dwelling because the injury to the public is permanent and irreparable.

4. Subsection 16 of 53 P.S. §37403 allows the cost of demolition to be reduced to a lien against the property on which the structure was located.

## ORDER OF COURT

Now, January 19, 1978, it is ordered, adjudged and decreed that plaintiff raze the structure located at 453 County Line Street, New Castle, Lawrence County, Pa. It is further decreed that plaintiff, City of New Castle, may record a lien against the realty located at 453 County Line Street, New Castle, Lawrence County, Pa., record owner being defendant, Louis De Rosa, for an amount equal to the demolition costs of razing the dwelling located on said realty.